The Vice-Chancellor
Upon consideration, I do not think *479 the provision which is complained of, is evidence of fraud in the assignment. If there were no directions as to the mode of ascertaining the outstanding demands against the assignor, the assignee would become informed, first, by the application of the respective creditors, and if that were not likely to inform him fully, by an advertisement in the newspapers. The latter would be discretionary ; and if he should omit it, and after a reasonable time, should proceed to divide the assets in his hands among such creditors as had come to his knowledge, his duty would be discharged, and the only relief remaining for a creditor, who had been overlooked, would be to receive his demand out of any future assets that might be received by the assignee.
Any fraudulent concealment of the existence of an assignment from the creditor, or any other violation of trust in the matter, would of course entitle him to a more efficient remedy.
Now in this case, I do not perceive that any thing is provided in the assignment which ought not to be done by the assignee or which would not be proper in itself, had no such direction been given. He is to advertise for creditors in one or more papers, as soon as conveniently may be, and he is to select for the purpose such papers as he may deem best calculated to give information to the creditors.
The time is unexceptionable. If it be not done speedily, it will be a breach of trust. As to the newspapers, he may err in judgment, but that can scarcely be to an extent productive of injury in such a city as this. It is true, he may also err wilfully in this respect, but that will not be the fault of the assignment, and it will be remediable in the same manner as any other violations of duty by a trustee.
Then the debts of the assignor, which come to his knowledge within the time specified in the notice, (the first and second classes excepted,) are to constitute the third class.
This leaves open to creditors the ordinary and usual mode, of presenting their claims to an assignee, without waiting for a notice in the newspapers'or otherwise ; and it makes it the duty of the assignee to take more than the usual pains to give extended notice of the necessity of so doing to all concerned.
There is no condition imposed, other than that which the *480 nature of the case inevitably imposes upon creditors; the notifying of their demands to the assignee. Nor is there any power in the assignee to declare or fix future preferences.
The probable delay furnishes no objection. The advertisement in the ordinary course of events, will elapse long before the assignee will be in a condition to pay any dividend on the third class of debts.
Fraud may be committed under an assignment made in the most direct and simple form. The question is, not whether fraud may be committed, but whether the provisions of the instrument are such, that when carried out according to their apparent and reasonable intent, they will be fraudulent in their operation.
I am unable to perceive any such provision in this assignment, and as the argument turned upon the instrument alone, I must deny the motion for an injunction against the assignee.
Order to show cause discharged, without costs, and temporary injunction against the assignee dissolved.